UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMD FINE LINENS, LLC d/b/a BELLINO FINE LINENS, <br><br> *Plaintiff*, <br><br> -against- <br><br> BRYAN JOHNSON and BELLINO FINE LINENS LLC, <br><br> *Defendants*. | Case No. _____/2026 <br><br><br> **COMPLAINT** |

Plaintiff AMD Fine Linens, LLC d/b/a Bellino Fine Linens ("Plaintiff"), by its undersigned attorney, for its Complaint against Bryan Johnson and Bellino Fine Linens LLC (together, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.    This is an action for trademark infringement arising from Defendants' willful and unauthorized use of Plaintiff's federally registered and incontestable trademark BELLINO FINE LINENS (U.S. Registration No. 3,774,184) in connection with the sale and offering of home goods and linen products — the identical market in which Plaintiff has operated under that mark for more than three decades.

2.    Plaintiff seeks permanent injunctive relief, an order requiring the dissolution or renaming of Defendant Bellino Fine Linens LLC, an accounting of Defendants' profits, Plaintiff's actual damages, treble damages for willful infringement, attorneys' fees, costs, and such other relief as the Court deems just and proper.

## PARTIES

3.      Plaintiff AMD Fine Linens, LLC is a limited liability company organized and existing under the laws of the State of New Jersey, with its principal place of business at 471 South Dean Street, Englewood, New Jersey 07631. AMD Fine Linens conducts business under the trade name "Bellino Fine Linens" and is the owner of U.S. Trademark Registration No. 3,774,184 for the mark BELLINO FINE LINENS.

4.      Defendant Bryan Johnson ("Johnson") is, upon information and belief, an individual residing at 230 Anderson Street, Apartment 6I, Hackensack, New Jersey 07601.

5.      Defendant Bellino Fine Linens LLC is a New Jersey limited liability company formed on October 10, 2023, bearing New Jersey Business Entity Identification Number 0451033248, with its registered office and principal place of business at 230 Anderson Street, Apartment 6I, Hackensack, New Jersey 07601. Upon information and belief, Johnson is the sole member and manager of Bellino Fine Linens LLC and is its registered agent.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over Plaintiff's federal trademark claims pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 15 U.S.C. § 1121, as those claims arise under the Lanham Act, 15 U.S.C. § 1051 et seq.

7.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), as those claims form part of the same case or controversy as the federal claims.

8.     This Court has personal jurisdiction over Johnson because he is domiciled in the State of New Jersey within this judicial district, and his infringing conduct occurred and continues to occur within this judicial district.

9.     This Court has personal jurisdiction over Defendant Bellino Fine Linens LLC because it is a New Jersey limited liability company formed and organized within this judicial district, with its registered office and principal place of business within this judicial district.

10.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Johnson resides in this district, Defendant Bellino Fine Linens LLC is organized and maintains its principal place of business in this district, and a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

## FACTUAL ALLEGATIONS

### A.     Plaintiff's Registration and Use of the "Bellino Fine Linens" Mark

11.     Plaintiff has been a distinguished provider of luxury linens for beds, baths, and tables since its founding in 1991. Over the course of more than thirty years, Plaintiff has built an exceptional reputation and substantial goodwill under the name and trademark BELLINO FINE LINENS, under which Plaintiff has sold a range of products including, without limitation, bed blankets, bed sheets, blanket throws, coverlets, duvet covers, kitchen towels, pillow cases, pillow shams, table napkins and place mats, tablecloths, throws, and towels.

12.     Plaintiff filed a trademark application with the United States Patent and Trademark Office ("USPTO") for the mark "Bellino Fine Linens" on March 25, 2009 (Serial No. 77-699,470).

13.     The USPTO registered the mark "Bellino Fine Linens" on the Principal Register on April 13, 2010, under Registration No. 3,774,184, in International Class 24, covering bed blankets,

bed sheets, blanket throws, coverlets, duvet covers, kitchen towels, pillow cases, pillow shams, table linen (namely, napkins and place mats), tablecloths not of paper, throws, and towels.

14. The "Bellino Fine Linens" mark has been duly renewed. Plaintiff timely filed its Section 8 and Section 15 declarations and a Section 9 renewal, which were accepted and granted by the USPTO on July 5, 2019. The registration is currently live, issued, and active.

15. As a result of the accepted Section 8 and Section 15 filings, the "Bellino Fine Linens" mark is incontestable within the meaning of 15 U.S.C. § 1065. Its validity, Plaintiff's ownership of the mark, and Plaintiff's exclusive right to use it in commerce in connection with the registered goods are conclusively established and not subject to challenge.

16. In addition to its federal registration, AMD Fine Linens, LLC registered the name "Bellino Fine Linens" as an alternate business name with the New Jersey Department of the Treasury, Division of Revenue and Enterprise Services, on July 27, 2023. That registration, bearing Certificate Number 4215274806, is valid through July 27, 2028, and was signed by Gianluigi Romagnolo, Manager of AMD Fine Linens, LLC.

17. Through decades of continuous, exclusive, and prominent use of the "Bellino Fine Linens" mark, Plaintiff has developed substantial goodwill and consumer recognition in the mark throughout the United States and in the State of New Jersey. The "Bellino Fine Linens" mark is uniquely associated in the minds of consumers with the high-quality luxury linen goods and services of Plaintiff.

**B.      Defendant's Infringement Upon the "Bellino Fine Linens" Mark**

18. Notwithstanding Plaintiff's longstanding and well-established rights in the "Bellino Fine Linens" mark, Defendant Johnson formed Defendant Bellino Fine Linens LLC as a New

-4-

Jersey limited liability company on October 10, 2023, a mere month after Plaintiff's New Jersey Certificate of Alternate Name was filed and recorded.

19.     The Certificate of Formation of Bellino Fine Linens LLC, bearing New Jersey Business Entity Identification Number 0451033248 and Certificate Number 4222338013, identifies Bryan Johnson as the company's registered agent, sole member, and manager, and lists a business purpose of "HOME GOODS," *i.e.*, the same market in which Plaintiff has long operated under the "Bellino Fine Linens" mark.

20.     At all times relevant to this Complaint, Defendants had constructive and actual notice of Plaintiff's ownership of the "Bellino Fine Linens" mark.

21.     Defendants received constructive notice of Plaintiff's ownership of the "Bellino Fine Linens" mark through Plaintiff's registration of that mark with the Principal Register pursuant to 15 U.S.C. § 1072.

22.     On information and belief, Defendants also had actual notice of Plaintiff's ownership of the "Bellino Fine Linens" mark prior to their infringing conduct alleged herein. Indeed, their infringing conduct appears to have been prompted by their receipt of actual notice. Plaintiff has conducted business under the "Bellino Fine Linens" mark for over thirty years; registered the mark with the USPTO in 2010 and consistently maintained ownership since that time; and is unaware of any other person or entity purporting to engage in commerce under any similar mark at any time during that lengthy history. Yet fewer than seventy-five (75) days after Plaintiff's registration of the "Bellino Fine Linens" mark in New Jersey, Defendant Johnson organized a company in New Jersey, in the same industry, and with a near-identical mark.

C.     **Plaintiff's Unanswered Requests for Amicable Resolution**

-5-

23.    Plaintiff became aware of Defendants' infringement upon the "Bellino Fine Linens" mark on or around the first quarter of this year.

24.    On March 7, 2026, Plaintiff's counsel sent a cease-and-desist notice to Defendant Johnson stating, among other things, that Mr. Johnson's conduct infringed upon Plaintiff's duly-registered and incontestable ownership of the "Bellino Fine Linens" mark; providing copies of USPTO and New Jersey records confirming Plaintiff's ownership; demanding that Mr. Johnson cease and desist his infringing conduct within fifteen days; and expressing a desire to resolve these matters without resort to litigation.

25.    Plaintiff sent the March 7 notice to the following five email addresses: bjohnsonn1220@gmail.com; bryanjohnson513@icloud.com; bryanjohnson758@yahoo.com; fasurewave@aol.com; and karenj2871@gmail.com. Publicly available records indicate that each address is associated with Defendant Johnson.

26.    On March 9, 2026, having received no response from Defendant Johnson, Plaintiff's counsel emailed the above-listed addresses and requested confirmation of receipt.

27.    That same day, Plaintiff's counsel also sent a paper copy of the March 7 cease-and-desist notice via United States Postal Service Registered Mail to Defendant's Johnson's address at 230 Anderson Street, Apartment 6I, Hackensack, New Jersey 07601. As reflected by the corresponding tracking information, the letter was delivered to an individual at that address on March 14, 2026, at 12:49 P.M.

28.    Plaintiff received no response to its March 7 or March 9 emails, nor to its mailed letter.

29. On March 27, 2026, Plaintiff's counsel again emailed Defendant Johnson to reiterate Plaintiff's demands and advise Defendant Johnson that Plaintiff intended to initiate litigation if Defendants did not respond.

30. As of the date hereof, Defendants have neither responded to Plaintiff's demands nor ceased the infringing conduct alleged herein.

### Count I
### Federal Trademark Infringement (15 U.S.C. § 1114)
(*Against All Defendants*)

31. Plaintiff incorporates the foregoing paragraphs as if fully restated here.

32. Plaintiff is the owner of the "Bellino Fine Linens" mark, which is registered on the Principal Register of the USPTO under Registration No. 3,774,184.

33. Without the consent or authorization of Plaintiff, Defendants have used and continue to use in commerce a reproduction, counterfeit, copy, or colorable imitation of the "Bellino Fine Linens" mark in connection with the sale, offering for sale, distribution, or advertising of goods in the same class and category as those covered by Plaintiff's registration.

34. Defendants' use of Plaintiff's mark or a colorable imitation thereof is likely to cause confusion, or to cause mistake, or to deceive consumers as to the source, origin, sponsorship, affiliation, or approval of Defendants' goods and services.

35. The likelihood of confusion is particularly acute given that: (i) Defendants' name is identical to the "Bellino Fine Linens" mark; (ii) Defendants purport to operate in the same "Home Goods" market as Plaintiff; (iii) Defendants purport to operate in the State of New Jersey; and (iv) the Plaintiff's ownership of the "Bellino Fine Linens" mark is incontestable.

36.     Defendants' conduct constitutes trademark infringement in violation of 15 U.S.C. § 1114(1).

37.     On information and belief, Defendants' infringement has been intentional, willful, and in bad faith, having been undertaken with actual and constructive knowledge of Plaintiff's incontestable rights in the federally-registered "Bellino Fine Linens" mark, and with the deliberate intent to trade on the Plaintiff's goodwill attributable to that mark.

38.     As a direct and proximate result of Defendants' infringement, Plaintiff has suffered and continues to suffer irreparable harm to its goodwill, reputation, and business. Plaintiff has no adequate remedy at law and is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

39.     Plaintiff is also entitled to recover Defendants' profits, Plaintiff's actual damages, and the costs of this action pursuant to 15 U.S.C. § 1117(a). In light of the willful and intentional nature of Defendants' infringement, Plaintiff is further entitled to enhanced damages of up to three times the amount found pursuant to 15 U.S.C. § 1117(a), and to an award of attorneys' fees as this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

### Count II
### New Jersey Common Law Trademark Infringement and Unfair Competition
(*Against All Defendants*)

40.     Plaintiff incorporates the foregoing paragraphs as if fully restated here.

41.     Plaintiff has established strong common law trademark rights in the mark "Bellino Fine Linens" throughout the State of New Jersey and the United States through continuous and exclusive use of that mark since 1991.

42.     Defendants' unauthorized registration and use of the mark "Bellino Fine Linens" in connection with the sale and offering of home goods is likely to cause confusion, mistake, or

deception among consumers as to the source, origin, sponsorship, or affiliation of Defendants' goods and services, and constitutes trademark infringement and unfair competition under the law of the State of New Jersey.

43.    Defendants have, without right or authorization, traded upon the reputation and goodwill developed by Plaintiff in the "Bellino Fine Linens" mark.

44.    On information and belief, Defendants' conduct has been willful, intentional, and carried out with full knowledge of Plaintiff's prior rights, resulting in harm to Plaintiff's goodwill and reputation."

45.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer irreparable harm, damages, and injury to its goodwill and business reputation.

46.    Plaintiff is entitled to an injunction prohibiting Defendants' use of the "Bellino Fine Linens" mark, an award of compensatory damages, and, given the willful and intentional nature of Defendants' conduct, an award of punitive damages and attorneys' fees under New Jersey law.

**Count III**
**Violation of the New Jersey Trademark Act (N.J. Stat. Ann. § 56:3-13.1)**
(*Against All Defendants*)

47.    Plaintiff incorporates the foregoing paragraphs as if fully restated here.

48.    Plaintiff has established trademark rights in the "Bellino Fine Linens" mark under New Jersey law, including by virtue of its longstanding use of that mark in commerce in the State of New Jersey and its Certificate of Alternate Name registration with the New Jersey Department of the Treasury, effective July 27, 2023, and valid through July 27, 2028.

49.    Defendants' adoption and use of the name "Bellino Fine Linens LLC" in connection with the offering and sale of home goods constitutes infringement of Plaintiff's rights

in the "Bellino Fine Linens" mark under N.J. Stat. Ann. § 56:3-13.1 et seq., as Defendants' conduct is likely to cause confusion or mistake as to the source, origin, or affiliation of Defendants' goods and services.

50.    Defendants had actual and constructive notice of Plaintiff's rights in the "Bellino Fine Linens" mark prior to Defendant Johnson's formation of the near-identically named Defendant Bellino Fine Linens LLC.

51.    Plaintiff is entitled to injunctive relief, damages, and other appropriate and just relief under N.J. Stat. Ann. § 56:3-13.1 et seq.

## Count IV
### Violation of New Jersey Deceptive Trade Names Statute (N.J. Stat. Ann. § 56:4-1)
### (Against All Defendants)

52.    Plaintiff incorporates the foregoing paragraphs as if fully restated here.

53.    N.J. Stat. Ann. § 56:4-1 provides that no person shall assume or use in connection with his or her business a name, mark, or designation that is the same as or deceptively similar to a name, mark, or designation already in use by another person or entity in the same or a related field of business, where such use is likely to mislead the public or injure the prior user.

54.    Plaintiff has continuously used the name "Bellino Fine Linens" in connection with its luxury linen business in the State of New Jersey since 1991, and registered that name as an alternate business name with the New Jersey Department of the Treasury on July 27, 2023. Defendant Johnson assumed and adopted the name "Bellino Fine Linens LLC" on October 10, 2023 — a name that is identical or deceptively similar to Plaintiff's established business name — in connection with a business operating in the same "Home Goods" industry as Plaintiff, within the same state.

-10-

55.     Defendants' assumption and use of the name "Bellino Fine Linens LLC" is likely to mislead the public as to the identity, source, or affiliation of Defendants' business and to injure Plaintiff's established rights in the "Bellino Fine Linens" name, in violation of N.J. Stat. Ann. § 56:4-1.

56.     As a direct and proximate result of Defendants' violation of N.J. Stat. Ann. § 56:4-1, Plaintiff has suffered and continues to suffer damages and irreparable injury to its goodwill and business reputation.

57.     Plaintiff is entitled to injunctive relief requiring Defendants to cease use of the name "Bellino Fine Linens" or any deceptively similar name, and to such other relief as may be appropriate under N.J. Stat. Ann. § 56:4-1 et seq.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants as follows:

1. A permanent injunction pursuant to 15 U.S.C. § 1116 and applicable state law, enjoining Defendants and their officers, agents, servants, employees, attorneys, and all persons acting in concert or participation with them from:

   (i)     using the name "Bellino Fine Linens" or any name, mark, or designation confusingly similar to the "Bellino Fine Linens" mark in connection with the advertising, promotion, offering, sale, or distribution of any goods or services;

   (ii)    holding out, representing, or in any manner suggesting to any person or entity that Defendants' business, goods, or services originate from or are affiliated, sponsored, authorized, or approved by Plaintiff; and

   (iii)   taking any other action likely to cause confusion, mistake, or deception as to the source or origin of Defendants' goods and services;

2. An order requiring Defendants to immediately amend or dissolve the name of Defendant Bellino Fine Linens LLC with the New Jersey Department of the Treasury, Division of

Revenue and Enterprise Services, and to file evidence of such amendment or dissolution with this Court within ten (10) days of the entry of the Court's order;

3. An order requiring Defendants to file with this Court and serve on Plaintiff's counsel a written report, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction within thirty (30) days after its entry, pursuant to 15 U.S.C. § 1116(a);

4. An accounting and award of Defendants' profits derived from the infringing use of the "Bellino Fine Linens" mark, pursuant to 15 U.S.C. § 1117(a);

5. An award of Plaintiff's actual damages sustained as a result of Defendants' infringement, pursuant to 15 U.S.C. § 1117(a);

6. An award of enhanced damages, based upon Defendants' willful and intentional infringement, pursuant to 15 U.S.C. § 1117(a);

7. An award of Plaintiff's reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1117(a);

8. An award of punitive damages under New Jersey law based upon Defendants' willful, intentional, and malicious conduct;

9. Pre-judgment and post-judgment interest at the maximum rate permitted by law; and

10. Such other and further relief as the Court may deem just, equitable, and proper.

-12-

Dated: New York, New York
June 1, 2026

**RAINES FELDMAN LITTRELL LLP**


By: */s/        Simon Miller*
Simon Miller
Tyler Anger (*pro hac vice forthcoming*)
1350 Avenue of the Americas, 22nd Fl.
New York, NY 10019
smiller@raineslaw.com
tanger@raineslaw.com